11-1276-ag
Lin v. Holder

BIA
A088 377 985

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6ᵗʰ day of June, two thousand thirteen.

PRESENT:
> JOHN M. WALKER, JR.,
> REENA RAGGI,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

WEN LIN,
> *Petitioner,*

v.                                          11-1276-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, Yerman & Associates, LLC, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Anthony W. Norwood, Senior Litigation Counsel; Siu P. Wong, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wen Lin, a native and citizen of China, seeks review of the March 10, 2011 Order of the BIA denying his motion to reopen. *In re Wen Lin,* No. A088 377 985 (B.I.A. Mar. 10, 2011). We assume the parties' familiarity with the underlying facts, the arguments asserted on appeal, and the procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Lin's motion to reopen was timely, *see* 8 U.S.C. § 1229a(c)(7)(A),(C)(i), but, because he failed to establish his *prima facie* eligibility for asylum, withholding of removal, or protection under the Convention Against Torture, the BIA did not abuse its discretion in denying his motion. *See INS v. Abudu*, 485 U.S. 94, 104 (1988). To establish *prima facie* eligibility for relief, a movant must demonstrate "a realistic chance that he will be able to establish eligibility" during reopened proceedings. *Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005) (internal quotation marks omitted).

2

In denying Lin's motion, the BIA reasonably accorded his affidavit diminished weight, as the affidavit does not explain how Lin's church attendance in the United States became subject to threats by local authorities in China, nor does the affidavit describe how Lin obtained the "warning notice."[1]  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (the weight afforded to the applicant's evidence lies largely within the discretion of the agency).

The BIA also reasonably deemed the "warning notice" unreliable, as it was not authenticated or signed, and alleged only that Lin attended churches in the United States, without referencing his or his family members' attendance at underground churches in China.  *See id.; see also Shunfu Li v. Mukasey*, 529 F.3d 141, 149 (2d Cir. 2008) (affording agency "considerable flexibility in determining the authenticity of [submitted] documents from the totality

---

[1]  In his brief on appeal, Lin asserts that the "warning notice" was delivered to his family in China in April 2010.  Pet.'s Brief at 5.  But Lin has not submitted an affidavit from any of his family members attesting to this delivery, nor has he explained how he himself received the notice.

of the evidence"); *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 148-49(2d Cir. 2007).

Further, the BIA evaluated the content of the "warning notice" and reasonably concluded that, because it did not specify what, if any, penalties Lin would face as a result of his religious practices, the notice did not demonstrate that he would face harm rising to the level of persecution upon his return to China. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 172 (2d Cir. 2008); *see also Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006) (observing that where objective likelihood of persecution is not shown, claims for withholding of removal and CAT relief resting on same factual predicate fail as well). In addition, as the BIA observed, that Lin's family members—assertedly, practicing Christians who attend underground churches in China—have not suffered persecution or arrest, further diminishes Lin's claim that, upon return to China, he will likely be persecuted on the basis of his Christian religious practices. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999).

Finally, Lin's argument that the BIA failed to assess the 2009 State Department Report on China is misguided, as

the BIA explicitly referred to the report in its decision. *See Jian Hui Shao*, 546 F.3d at 169; *see also Xiao Ji Chen*, 471 F.3d at 336-37 n.17 ("[W]e presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise.").

For the foregoing reasons, the petition for review is DENIED. Since we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5